**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| James Kilkenny and Charles Priolo, *as Trustees of the Construction Council Local 175 Pension Fund*; James Kilkenny and Charles Pirolo, *as Trustees for the Construction Council Local 175 Welfare Fund*; James Kilkenny and Charles Priolo, *as Trustees of the Construction Council Local 175 Annuity Fund*; and James Kilkenny and Charles Priolo, *as Trustees of the Construction Council Local 175 Training Fund*<br><br>                       Plaintiff,<br><br>       -v-<br><br>Graci Paving Associates, Inc.,<br><br>                       Defendant. | 2:25-cv-2486 (NJC) (SIL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On May 5, 2025, Plaintiffs James Kilkenny and Charles Priolo (together "Plaintiffs"), as Trustees of the Construction Council Local 175 Pension Fund (the "Pension Fund"), the Construction Council Local 175 Welfare Fund (the "Welfare Fund"), the Construction Council Local 175 Annuity Fund (the "Annuity Fund"), and the Construction Council Local 175 Training Fund (the "Training Fund" and collectively, the "Funds"), commenced this action against Defendant Graci Paving Associates, Inc. ("Graci Paving"), seeking to recover for Graci Paving's alleged violations of Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132, 1145. (Compl., ECF No. 1.) The Clerk of Court entered default against Graci Paving on July 11, 2025. (ECF No. 8.) Thereafter, on August 11, 2025, Plaintiffs filed a Motion for Default Judgment, seeking relief in the form of (1) delinquent contributions to the Funds; (2) liquidated damages representing 10% of the delinquent

contributions; (3) interest on delinquent contributions calculated at 10% annually; (4) interest on untimely contributions from June 2023 to July 2023 calculated at 10% annually; (4) injunctive relief in the form of an order directing Graci Paving "to comply with all audit and payroll compliance examination proceedings for the period from July 1, 2022 through the present"[1]; and (5) leave to apply for additional interest, attorneys' fees, and costs. (Proposed Default J., ECF No. 9-1.) This Court referred the Motion to Magistrate Judge Steven I. Locke. (Elec. Order, Aug. 12, 2025.)

On February 2, 2026, Judge Locke issued a Report and Recommendation (the "R&R") recommending that the Court grant Plaintiffs' Motion for Default Judgment and award Plaintiff damages as follows:

(1) $193,252.51 in delinquent contributions to the Funds, including on behalf of both the Paving Division and a Nassau/Suffolk Paving Division collective bargaining agreement ("CBA");

(2) $40,596.40 in interest on delinquent contributions;

(3) $19,325.25 in liquidated damages; and

(4) $1,502.92 in interest for untimely contributions.

(R&R at 16, ECF No. 13.) The R&R further recommends that the Court grant Plaintiffs their requested injunctive relief prohibiting Graci Paving from violating the ERISA by failing, refusing, or neglecting to comply with audit and payroll compliance examination proceedings

---

[1] Because an order directing Graci Paving "to comply with all audit and payroll compliance examination proceedings for the period from July 1, 2022 through the present," would not provide prospective relief in the future, and only seeks relief until the date of this Order, the Court understands Graci Paving to instead seek the relief requested in the Complaint: an order enjoining Graci Paving from "violating ERISA by failing, refusing, or neglecting to make required contributions to the funds." (Compl. ¶¶ 71–76.) This is the relief considered by the February 2, 2026 Report and Recommendation. (*See* R&R at 14, ECF No. 13.)

and with requirements to make contributions to the Funds going forward, as well as leave to file an updated application for additional accrued interest, attorneys' fees, and costs. (*Id.* at 14, 16)

A copy of the R&R was provided to Plaintiffs' counsel via ECF on February 2, 2026, and again on February 24, 2026, after Judge Locke corrected a typographical error in the original R&R. (*See id.*) Both directed Plaintiffs to serve a copy of the R&R on Graci Paving and to promptly file proof of service, and the corrected R&R instructed that any objections to the R&R were required to be submitted in writing to the Clerk of Court within fourteen (14) days of service of the R&R. (R&R at 16–17.)

Plaintiffs had failed to file proof of service on ECF as directed by the R&R. Accordingly, on February 25, 2026, the Court ordered that Plaintiffs file proof of service by February 28, 2026, or the case would be dismissed for failure to prosecute. (Elec. Order, Feb. 25, 2026.) On March 5, 2026, Plaintiffs still had not filed proof of service or otherwise communicated with the Court, so the Court dismissed the action without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (Elec. Order, Mar. 5, 2026.) That same day, Plaintiffs filed a motion to reopen the case supported by two affidavits of service, one dated February 2, 2026 and the other dated February 25, 2026, in which an affiant attested that they served Defendants with the R&R and a letter from Plaintiffs' counsel on February 2, 2026 and the corrected R&R and a second letter from Plaintiffs' counsel on February 25, 2026. (ECF Nos. 14, 14-1, 14-2, 14-3, 14-4.) Both affiants attest that Plaintiffs served the R&R on Graci Paving at its last known address by certified first-class mail with overnight delivery and by email. (*Id.*) Plaintiffs also filed a certificate of service reflecting that counsel had served the motion to reopen on Graci Paving. (ECF No. 17.)

On March 7, 2026, the Court granted Plaintiffs' motion to reopen and found that because Plaintiffs had served the corrected R&R on Graci Paving on February 25, 2025, Graci Paving

3

had until March 16, 2026 to file any objections to the R&R. Elec. Order, Mar. 7, 2026; *see* Fed. R. Civ. P. 72(b)(2) (requiring a party to file objections to a magistrate judge's report and recommendation within 14 days of service); Fed. R. Civ. P. 5(b)(2)(C) (providing that service by mail "is complete upon mailing"); Fed. R. Civ. P. 6(d) (adding three days for a party to act in response to a document served by mail); Fed. R. Civ. P. 6(a)(1)(C) (deferring deadlines that fall on a Saturday or Sunday until "the next day that is not a Saturday, Sunday, or legal holiday"); *see also Murphy v. Murphy*, No. 20-cv-02388, 2023 WL 2795977, at *1 (E.D.N.Y. Apr. 5, 2023) (setting out these same rules for calculating the deadline to object to an R&R). The date for filing any objections to the R&R has thus expired, and no party has filed an objection to the R&R.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Because no party has timely filed objections to the R&R, I may review the R&R for clear error. *King*, 2016 WL 4595991, at *1. Nevertheless, I reviewed the R&R de novo out of an abundance of caution. Having reviewed the motion papers, the applicable law, and the R&R, I adopt the thorough and well-reasoned R&R's recommendation that the Court grant Plaintiffs' Motion for Default Judgment and award the recommended damages and injunctive relief and grant Plaintiffs leave to file an updated application for additional accrued interest, attorneys' fees, and costs.

Accordingly, Plaintiffs' Motion for Default Judgment (ECF No. 9) is granted and the Court awards Plaintiffs the following relief:

(1) $193,252.51 in delinquent contributions to the Funds, including on behalf of both the

Paving Division and a Nassau/Suffolk Paving Division CBA;

(2) $40,596.40 in interest on delinquent contributions;

(3) $19,325.25 in liquidated damages; and

(4) $1,502.92 in interest for untimely contributions.

The Court also enjoins Graci Paving from violating ERISA by failing, refusing, or neglecting to

comply with all audit and payroll compliance examination proceedings and by failing to make

required contributions to the Fund going forward. Plaintiffs may file an updated application for

additional accrued interest and an application for attorneys' fees and costs by April 1, 2026.


Dated: Central Islip, New York
       March 20, 2026


        */s/ Nusrat J. Choudhury*
        NUSRAT J. CHOUDHURY
        United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES KILKENNY and CHARLES PRIOLO,
as TRUSTEES of the CONSTRUCTION
COUNCIL LOCAL 175 PENSION FUND,                    **REPORT AND**
JAMES KILKENNY and CHARLES PRIOLO,                 **RECOMMENDATION**
as TRUSTEES of the CONSTRUCTION                     25-CV-2486(NJC)(SIL)
COUNCIL LOCAL 175 WELFARE FUND,
JAMES KILKENNY and CHARLES PRIOLO,
as TRUSTEES OF THE CONSTRUCTION
COUNCIL LOCAL 175 ANNUITY FUND, and
JAMES KILKENNY and CHARLES PRIOLO,
as TRUSTEES of the CONSTRUCTION
COUNCIL LOAL 175 TRAINING FUND,

                          Plaintiffs,

       -against-

GRACI PAVING ASSOCIATES, INC.,

                          Defendant.
-------------------------------------------------------------------X

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this action for alleged failure to make required contributions pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, on referral from the Honorable Nusrat J. Choudhury for Report and Recommendation, is a motion seeking a default judgment against Defendant Graci Paving Associates, Inc. ("Graci" or "Defendant") submitted by Plaintiffs Trustees James Kilkenny and Charles Priolo (together "Plaintiffs" or "Trustees"), as Trustees of the Construction Council Local 175 Pension Fund (the "Pension Fund"), the Construction Council Local 175 Welfare Fund (the "Welfare Fund"), the Construction Council Local 175 Annuity Fund (the "Annuity Fund"), and

1

the Construction Council Local 175 Training Fund (the "Training Fund" and, collectively, the "Funds"). *See* Docket Entry ("DE") [9]. Plaintiffs seek to recover unpaid contributions, interest on unpaid contributions, liquidated damages, injunctive relief, and leave to apply for additional interest and attorneys' fees and costs. DE [9-1].

For the reasons set forth herein, the Court respectfully recommends that Plaintiffs' motion for default judgment be granted and that judgment in the amount of $254,677.08 be entered against Graci, which includes: (1) $193,252.51 for unpaid contributions to the Funds; (2) $40,596.40 in interest accrued on unpaid payments; (3) $19,325.25 in liquidated damages; and (4) $1,502.92 for interest accrued on untimely payments from June 2023 to July 2023. The Court further recommends that Plaintiffs be granted leave to file an updated application for additional accrued interest and an application for attorneys' fees and costs.

I.     **BACKGROUND**

   A.     **Facts**[1]

The Funds are employee benefit and multi-employer plans within the meaning of ERISA §§ 1002(3), (37), established and maintained pursuant to the terms of various collective bargaining agreements, with a principal place of business at 99 Mineola Avenue, Roslyn Heights, New York 11577. Compl. ¶¶ 6-7. The Trustees

---

[1] All relevant factual allegations are taken from the Complaint and are accepted as true for purposes of resolving this motion. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.,* 373 F.3d 241, 246 (2d Cir. 2004).

seek to enforce the Funds' Agreements with Defendant requiring that Defendant contribute to the various employee fringe benefit funds. *Id.* at ¶¶ 1-2. The Funds operate pursuant to the terms of Trust Agreements between the United Plant and Production Workers, Local Union 175 (the "Union")[2] and Graci. *Id.* at ¶ 2. The Union is a labor organization representing employees in an industry affecting commerce and various employers to provide pension, health and welfare, annuity, and job training benefits to covered employees, retirees, and their dependents. *Id.* at ¶¶ 6, 9; *see* Declaration of Elise S. Feldman in Support of Motion for Default Judgment ("Feldman Decl."), [DE 10], ¶ 10.

Defendant is an employer within the meaning of ERISA, 29 U.S.C. §1002(5), with a principal place of business at 267 North Cedar Street, Massapequa, New York. Compl. ¶ 8. On or about June 23, 2021, Graci entered into a "paving and assumption agreement" binding it to a collective bargaining agreement (the "CBA") with the Union. *Id.* at ¶ 9; Feldman Decl. Ex. I. The terms of the CBA require that Graci pay fringe benefit contributions to each of the Funds based upon the number of hours each covered employee worked. *Id.* Non-party New York Independent Contractors Alliance, Inc. ("NYICA") acts "as a collective bargaining agent for the employers to negotiations with labor unions," including Graci. *Id.* at ¶ 10; Feldman Decl. ¶ 12. Plaintiffs allege that, "[a]s the designated collective bargaining agent, NYICA binds its member employers to collective bargaining agreements that it negotiates with

---

[2] The Union is now named "Construction Council 175, Utility Workers of America, AFL-CIO." Compl. ¶ 2. There is no substantive difference and the two entities are referred to interchangeably herein as the "Union."

labor unions." Compl. ¶ 11. At all relevant times, Graci was a member of the NYICA and was therefore bound by the relevant agreements to which the NYICA agreed upon on Graci's behalf, including those at issue in this action. *Id*. at ¶ 12.[3] Relevant here, the CBA requires that Graci make payments to the Funds for each hour worked by its covered employees at the rates specified by the CBA and Trust Agreements. *See* DE [10-7]; Compl. ¶¶ 13-24. While the primary CBA is referred to as the "Paving Division," it includes an addendum providing for separate contribution obligations referred to as the "Nassau/Suffolk Division CBA." *See* Feldman Decl. Ex. H. Plaintiffs' motion addresses both.

A Policy for Collection of Delinquent Contributions (the "Delinquency Policy"), DE [10-10], dictates the manner for recovery of delinquent contributions in the event Graci fails to make required payments. *Id*. at ¶¶ 13-15; CBA at 19. The Delinquency Policy allows for recovery of unpaid contributions, interest, liquidated damages, attorneys' fees, and costs. *Id*. From June 2021 until June 2022, Defendants failed to make payments to the Funds as required by the CBA and Trust Agreements. Feldman Decl. ¶¶ 26-28. An auditor concluded that Graci failed to make $164,065.45 in contractually required contributions to the Paving Division Fund and $29,187.08 in contractually required contributions to the Nassau/Suffolk Division CBA. *Id*. at Ex. L.

---

[3] Although the applicable CBAs pre-date Graci's agreement to become a member of the NYICA, Graci agreed to them and they apply to Plaintiffs' claims. Feldman Decl. Exs. E, F, I.

## B.    **Procedural Background**

By way of a Complaint dated May 5, 2025, Plaintiffs commenced this action against Graci seeking to recover unpaid amounts owed. DE [1]. On May 17, 2025, Plaintiffs served Defendant with the Summons and Complaint. DE [6]. After Defendant failed to answer or otherwise respond, Plaintiffs requested that the Clerk of the Court enter a Certificate of Default. DE [7]. The Clerk of the Court entered a Certificate of Default on July 11, 2025. DE [8].

In the instant motion, Plaintiffs seek a default judgment including: (i) $164,065.43 for unpaid contributions to the Paving Division CBA; (2) $35,327.64 for interest on delinquent payments to the Paving Division CBA; (3) $16,406.54 for liquidated damages related to the Paving Division CBA; (4) $29,187.08 for unpaid contributions to the Nassau/Suffolk Division CBA; (5) $5,268.76 for interest on delinquent payments to the Nassau/Suffolk CBA; (6) $2,918.71 for liquidated damages related to the Nassau/Suffolk Division CBA; and (7) $1,502.92 for interest related to untimely payments owed from June 2023 through July 2023. *See* Proposed Judgment, DE [9-1]. Plaintiffs further seek a judgment that Defendant be required to pay the Funds in the amount that may become due and owing during the pendency of this action, an injunction permanently enjoining Defendant from violating ERISA with respect to this action, and an order granting leave to seek additional interest, attorneys' fees, and costs. *Id.* On August 11, 2025, Plaintiffs filed the instant motion for default judgment, DE [9], which Judge Choudhury referred to this Court for a Report and Recommendation.

5

## II.    LEGAL STANDARD

ERISA provides that employers obligated to make contributions to multiemployer benefit plans pursuant to a collective bargaining agreement must do so in accordance with the applicable agreement's terms. *See* 29 U.S.C. § 1145; *Gesualdi v. Gen. Concrete, Inc.*, No. 11-CV-1866(CBA)(JO), 2013 WL 1192967, at \*3 (E.D.N.Y. Feb. 1, 2013) (Report and Recommendation), *adopted by* 2013 WL 1192954 (E.D.N.Y. Mar. 22, 2013) ("Under ERISA, employers need not provide any particular benefits; however, once an employer elects to provide benefits, the statute governs the terms of administration of the benefits."); *Trs. of Loc. 807 Labor-Mgmt. Health & Pension Funds v. River Trucking & Rigging, Inc.*, No. 03-CV-3659(JMA), 2005 WL 2290579, at \*6 (E.D.N.Y. Sept. 20, 2005) ("Section 1145 makes clear that a plan member's contractual duty to make contributions to multiple employer plans 'becomes a statutory requirement,' and the duty may be enforced in accordance with § 1132(g).") (quoting *Gilles v. Burton Constr. Co.*, 736 F.2d 1142, 1143 n.2 (7th Cir. 1984)).

When an employer does not comply with its contribution obligations, ERISA provides for statutory damages as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> > (A)    The unpaid contributions;
> >
> > (B)    Interest on the unpaid contributions;
> >
> > (C)    An amount equal to the greater of –
> >
> > > i.    Interest on the unpaid contributions, or

6

      ii.      Liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A);

    (D)    Reasonable attorney's fees and costs of the action, to be paid by the defendant; and

    (E)    Such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

A court must ascertain damages with "reasonable certainty," assessing whether the claimant has produced sufficient evidence of the damages sought. *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *see Gesualdi v. Tapia Trucking LLC,* No. 11-CV-4174(DLI)(JMA), 2012 WL 7658194, at *4 (E.D.N.Y. Oct. 15, 2012) (Report and Recommendation), *adopted by* 2013 WL 831134 (E.D.N.Y. Mar. 6, 2013).

## III.   DISCUSSION

### A.   Liability

Plaintiffs allege that Defendant violated ERISA by failing to make required contributions to the Funds from June 2021 until June 2022. Feldman Decl. ¶ 26. Plaintiffs also claim that Graci is liable under ERISA, 29 U.S.C. § 1132(a)(3), for failure to submit remittance reports and relevant books and records for audit, as required by the CBA and the Trust Agreement. *Id*. "ERISA § 502(a)(3) allows plan

7

participants, beneficiaries or fiduciaries to bring a civil action to enjoin any act or practice which violates any provision of this subchapter or terms of the plan, or . . . obtain other appropriate equitable relief." *Levi v. McGladrey LLP*, No. 12-CV-8787(ER), 2016 WL 1322442, at *5 (S.D.N.Y. Mar. 31, 2016) (citing 29 U.S.C. § 1132(a)(3)).  A covered employer violates ERISA when it fails to make payments required by a collective bargaining agreement. *See Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189-90 (2d Cir. 2015) ("Under ERISA, the corporate defendant is liable for unpaid contributions . . . .") (internal quotation omitted); *Durso v. Andover Subacute & Rehab.*, No. 23-CV-6773(NJC)(AYS), 2025 WL 2355761, at *3 (E.D.N.Y. Aug. 14, 2025) (holding that default judgment was warranted where the employer did not adhere to its contribution requirements under ERISA); *Finkel v. Omega Commc'n Servs., Inc.,* 543 F. Supp. 2d 156, 160 (E.D.N.Y. 2008) (holding the plaintiff established liability under ERISA where the plaintiff alleged "that defendant entered into an agreement with the Union under which defendant was obligated to make contributions to the ERISA Plans and that defendant failed to make such contributions").

Plaintiffs' allegations, accepted as true, establish Defendant's liability for failure make required contributions to the Funds.  The uncontroverted allegations establish that Defendant is bound by the CBA and Trust Agreements. *See* Compl. ¶¶ 13-14.  These agreements require that Graci make certain contributions to the Funds and to adhere "to all terms and conditions of the Trust Agreements, at all times

8

relevant hereto, including all rules, regulations, procedures promulgated by the Trustees of the Funds pursuant thereto, such as the Funds' Policy for Collection of Delinquent Contributions." *Id.* at ¶¶ 13-14. To this end, "Section 515 of ERISA, [29 U.S.C. § 1145], requires every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement to make such contributions." *Gesualdi v. Reid*, 198 F. Supp. 3d 211, 217-18 (E.D.N.Y. 2016) (citing *Gesualdi* v. *Pecgro Trucking, Inc.*, No. 14-CV-6347(JS)(GRB), 2015 WL 5608149, at *3 (E.D.N.Y. Aug. 13, 2015)). As Graci failed to make its required contributions, it violated ERISA.[4] Compl. ¶¶ 47-51.

Plaintiffs allege that an audit of Graci's records from June 2021 through June 2022 revealed that Graci failed to make $164,065.43 of required contributions on behalf of the Paving Division. Feldman Decl. ¶ 26; Ex. K. Likewise, Defendant failed to make $29,187.08 in required contributions on behalf of the Nassau/Suffolk Division CBA. *Id.* at Ex. L. The Funds requested payment of this deficiency, which Defendant has failed and refused to properly remit. Feldman Decl. ¶¶ 26-27, Exs. K-L. These allegations, accepted as true, establish Defendant's liability. *See Alston as Tr. of Loc. 272 Labor-Mgmt. Fund v. Select Garages, LLC*, No. 24 Civ. 5439(DEH)(SLC), 2025 WL 472581, at *5 (S.D.N.Y. Jan. 21, 2025) (holding that allegations that the

---

[4] To the extent Plaintiffs also assert breach of contract causes of action, *see* Compl. ¶¶ 17-46, the claims are duplicative of Plaintiffs' causes of action arising under ERISA and would impermissibly allow for double recovery. *Aracich v. Bd. of Trs. of Empl. Benefit Funds of Heat & Frost Insulators Loc. 12*, No. 22-2544, 2023 WL 4692316, at *5 (2d Cir. July 24, 2023) (affirming dismissal of claim that "duplicate[d] [the plaintiff's] other claims under ERISA"); *4KZ Inc. v. DimashAli Creative Ctr., LLP*, No. 24-CV-1249(ST), 2025 WL 2696539, at *9 (E.D.N.Y. Sept. 22, 2025) ("Plaintiffs are not entitled to double recovery as both claims seek to redress the same harm."). As the Court concludes that relief is appropriate under ERISA, it does not address Plaintiffs' claims for breach of contract and respectfully recommends that those claims be dismissed.

9

defendant was an employer that failed to make required contributions to funds were sufficient to establish liability on a motion for a default judgment); *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Loc. 15A, 15C & 15D, AFL-CIO v. Ne. Indus. Maint. Inc.*, No. 19 Civ. 4484(ENV)(SJB), 2020 WL 6437400, at *7 (E.D.N.Y. Sept. 28, 2020) (holding that, in context of default judgment proceedings, similar allegations established the defendant's liability under ERISA); *Finkel*, 543 F. Supp. at 160 (holding that liability under ERISA was established where the plaintiff "allege[d] that [the] defendant entered into an agreement with the Union under which [the] defendant was obligated to make contributions to the ERISA Plans" and failed to do so).  Accordingly, the Court respectfully recommends that Defendant be held liable for failure to contribute to the Funds and that a default judgment be entered.

### B.    Damages

Once liability is established, the court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 F. App'x 28, 31 (2d Cir. 2014).    To prove damages, a plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992).    An evidentiary hearing is not required if there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded.  *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

### 1.    Unpaid Contributions

Plaintiffs have submitted evidence that their auditor determined that Defendant failed to make $193,252.51 in payments required by the CBA and Trust Agreements.  *See* Feldman Decl. Ex. L.  This is sufficient to establish damages.  *See Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Ges Bake Shop, Inc.*, No. 13-CV-728(FB)(CLP), 2014 WL 1159821, at *7 (E.D.N.Y. Mar. 21, 2014) (awarding damages based upon auditor's letter enumerating damages).  Accordingly, the Court respectfully recommends that judgment in the amount of $193,252.51 be entered against Defendant for unpaid contributions.

### 2.    Interest

ERISA mandates that interest on unpaid contributions be awarded "by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26."  *Select Garages, LLC*, 2025 WL 472581, at *6 (citing 29 U.S.C. § 1132(g)(2)(B)).  The CBA provides that Graci is required to pay interest at an "annual rate of ten percent" for unpaid contributions.  CBA Art. XI, § 5(a).  Accordingly, having recommended that judgment be entered against Graci in the amount of $193,252.51 for unpaid contributions, and based upon the auditor's conclusion, *see* Feldman Decl. Exs. K, L, the Court recommends that judgment be entered against Defendant for unpaid interest in the amount of $40,596.40 as Plaintiffs request.  *See* Proposed Judgment ¶¶ 2, 5; Feldman Decl. Exs. K-L.  The Court further recommends that Plaintiffs be awarded $1,502.92 in interest for untimely payments from June 2023 to July 2023.  Feldman Decl. ¶ 28; Ex M.  Finally, the Court recommends that Plaintiffs'

11

application to "update the interest timeframe on Defendant's delinquent contributions," *see* Feldman Decl. ¶ 37, be granted, and that Plaintiffs be granted leave to submit an updated request for interest in conjunction with any application for attorneys' fees as described below.

### 3.    Liquidated Damages

A prevailing plaintiff in an ERISA action is also entitled to an amount equal to the greater of interest on the unpaid contributions or liquidated damages in an amount not in excess of 20% of the unpaid benefit contribution award. 29 U.S.C. § 1132(g)(2)(C); *see DeVito v. Hempstead China Shop, Inc.*, 831 F. Supp. 1037, 1040 (E.D.N.Y. 1993) ("The language of Section 1132(g) is mandatory, and once the provision applies, the district court must award liquidated damages."); *see also Virga v. Big Apple Constr. & Restoration, Inc.*, 590 F. Supp. 2d 467, 473 (S.D.N.Y. 2008) ("ERISA further demands that statutory damages be awarded in the amount equal to that of the interest due on the unpaid principal.  This award is mandatory even if not provided explicitly by the terms of the CBA.") (internal citations omitted). Here, the CBA provides for liquidated damages in the amount of 10% of unpaid contributions.  CBA Art. XI, § 5(a).  Having recommended that judgment in the amount of $193,252.51 be entered for unpaid contributions, the Court further recommends that judgment be entered against Defendant for $19,325.25 in liquidated damages.

12

4.      Attorneys' Fees and Costs and Audit Fees

Plaintiffs seek leave "to make an application to this Court for attorneys' fees and costs associated with this action." DE [9] at 2. They neither specify the amount of relief they seek nor provide substantiation for any such award. Both ERISA and the CBA allow for an award of reasonable attorneys' fees. 29 U.S.C. § 1121(g)(2)(D); Delinquency Policy Art. IV(2); CBA Art. VI, § 2; *see Richardson v. Laws Constr. Corp.*, 557 F. App'x 57, 59 (2d Cir. Feb. 13, 2014) ("When trustees prevail in an ERISA action for unpaid contributions, 29 U.S.C. § 1132(g)(2)(D) mandates an award of reasonable attorney's fees and costs of the action, to be paid by the defendant.") (internal quotation omitted). Accordingly, the Court respectfully recommends that Plaintiffs be granted leave to file an application for attorneys' fees and costs with adequate substantiation.

Moreover, while ERISA does not explicitly allow for recovery of audit costs, it authorizes "such other legal and equitable relief as a court deems appropriate," *see* 29 U.S.C. § 1132(g)(2)(E), and courts routinely interpret Section 1132(g)(2)(E) of ERISA to authorize an award of such costs. *See Reid*, 198 F. Supp. 3d at 221 ("[C]ourts have routinely interpreted § 1132(g)(2)(E) of ERISA to authorize the cost of audits as part of the damages award.") (quotation omitted); *Ferrara v. CMR Contracting, LLC*, 848 F. Supp. 2d 304, 313 (E.D.N.Y. 2012) ("The costs of an audit are routinely recoverable in ERISA actions."). The Delinquency Policy allows for the recovery of fees related to payroll audits. Delinquency Policy Art. VI(2). Accordingly,

13

the Court also recommends that Plaintiffs be granted leave to submit substantiation and an application for fees incurred related to their audit of Defendant's records.

5.        Injunctive Relief

Finally, Plaintiffs seek declaratory relief enjoining Graci from "violating ERISA by failing, refusing, or neglecting to make required contributions to the funds," Compl. ¶¶ 71-76, and "request permission to petition the Court for delinquencies found pursuant to the requested audit period." Feldman Decl. ¶ 55. Effectively, the relief sought would require that Defendant comply with its contractual and statutory obligations.    While the relief requested is arguably surplusage, "[i]njunctive relief is appropriate under Section 1132(g)(2)(E) of ERISA, which states that in a successful action to enforce the requirements of ERISA, an ERISA plan may recover 'such other legal or equitable relief as the court deems appropriate.'" *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 349-50 (E.D.N.Y. 2009) (citing 29 U.S.C. § 1132(g)(2)(E)); *see Lanzafame v. L & M Larjo Co., Inc.,* No. 03-CV-3640(NG)(KAM), 2006 WL 2795348, at *9 (E.D.N.Y. Sept. 26, 2006) ("Plaintiff is entitled to an injunction requiring defendants to comply with the terms of the CBA . . . .").

Where, as here, the defendant is in default and the applicable statute provides for injunctive relief as a possible remedy, the court may issue an injunction provided that the plaintiffs meet the requirements for obtaining a permanent injunction, which include a showing of "'irreparable harm should the injunction not be granted.'" *King v. Nelco Indus., Inc.,* No. 96 Civ. 4177(EHN), 1996 WL 6296564, at *1 (E.D.N.Y. Oct.

14

23, 1996); *see LaBarbera v. David Liepper & Sons, Inc.,* No. 06-CV-1371(DLI)(JMA), 2006 WL 2423420, at *6 (E.D.N.Y. July 6, 2006).  Plaintiffs must also demonstrate the absence of an adequate remedy at law. *Id.*

Plaintiffs' concern that Defendant may not properly make its contributions or participate in the CBA-mandated audit in the future warrants injunctive relief.  Graci has failed to comply with its obligations arising under the Trust Agreements and CBA and has made no effort to rectify its failures.  *Loc. No. 46 Metallic Lathers Union & Reinforcing Iron Workers Welfare Tr., Annuity Fund, Pension Fund, Apprenticeship Fund, Vacation Funds, Scholarship Fund, & Other Funds v. Brookman Constr. Co.,* No. 12-CV-218(ARR)(LB), 2013 WL 5304358, at *6 (E.D.N.Y. Sept. 19, 2013) ("Plaintiffs' concern that defendant may not properly make its contributions or participate in the CBA-mandated audit in the future is well-founded."); *Sullivan v. Marble Unique Corp.,* No. 10-CV-3582(NGG)(LB), 2011 WL 5401987, at *14 (E.D.N.Y. Aug. 30, 2011) (holding that injunctive relief is "an appropriate remedy in ERISA disputes where the defendant intends to frustrate any judgment . . . or show[s] contempt for the judicial process").

. Plaintiffs allege, and reasonably expect, that Defendant's failure to make timely payments to the Funds will continue.  Compl. ¶¶ 73, 79.  In light of Defendant's failure to participate in the judicial process, injunctive relief is appropriate.  *See Sullivan,* 2011 WL 5401987, at *14 ("Faced with recalcitrant ERISA defendants, numerous court have granted an injunction . . . ."); *La Barbera v. Cab II Enters.,* No. 08-CV-3648(FB)(CLP), 2009 WL 2447498, at *9 (E.D.N.Y. Aug. 5, 2009) (holding that

15

injunctive relief is "an appropriate remedy in ERISA disputes where the defendant intends to frustrate any judgment . . . or show[s] contempt for the judicial process") (internal quotation marks omitted); *Mingoia v. Crescent Wall Sys.,* No. 03 Civ. 7143(THK), 2004 WL 1885952, at \*7 (S.D.N.Y. Aug. 20, 2004) ("In light of Defendants' past failures to make required contributions . . . and the threat of termination of employee benefits if employer contributions are not timely made, permanent injunctive relief is justified.") (collecting cases). Accordingly, the Court respectfully recommends that Plaintiffs' motion be granted with respect to their request for injunctive relief.

## IV.    CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiffs' motion for default judgment be granted. The Court recommends that judgment be entered against Defendant in the total amount of $254,677.08, including: (1) $193,252.51 for unpaid contributions to the Funds, including on behalf of both the Paving Division and Nassau/Suffolk Division CBAs; (2) $40,596.40 in interest on unpaid contributions; (3) $19,325.25 in liquidated damages; and (4) $1,502.92 in interest for untimely payments. The Court further recommends Plaintiffs be granted leave to file an updated application for additional accrued interest and an application for attorneys' fees and costs.

## V.    OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiffs by electronic filing on the date below. Plaintiffs are directed to serve a copy of it on

16

Defendant via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days of service. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
         February 2, 2026

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

17